Vaughn *v.* Carlisle.

SUSAN A. VAUGHN *v.* L. H. CARLISLE *et al.*

DEED. *Acknowledgment. Clerk. Certificate. Amendment. Evidence.* A deed to land in this State was acknowledged by a married woman before a clerk of the probate court of Mississippi, who omitted, in the certificate to privy examination, to state that he was "personally acquainted" with her, and that she admitted that she had "understandingly" executed the deed. *Held,* that after the clerk went out of office he could amend his certificate, and in an ejectment suit the deed so amended could be read, and that she could not be called as a witness to prove the certificate of the clerk as amended was untrue.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. C. W. HEISKELL, J.

W. M. RANDOLPH, H. G. SMITH and HENRY CRAFT for Vaughn.

VANCE & ANDERSON for Carlisle.

DEADERICK, C. J., delivered the opinion of the court.

This cause was pending upon appeal of defendants in this court at the time of a passage of an act of the Legislature authorizing the Governor to appoint and commission three persons learned in the law to act as a "special commission" to hear and determine causes pending in this court.

The suit is an ejectment, and was brought in the Circuit Court of Shelby County, and was regularly heard and determined by the "commission," and the judgment below was reversed and the cause remanded

for a new trial, accompanied by a written opinion showing explicitly the error for which the judgment of the circuit court was reversed.

The case turned upon the question whether an ex-clerk of Mississippi could correct his certificate of the privy examination of the plaintiff, Mrs. Vaughn, who was at that time a married woman, and the sufficiency thereof. She and her husband had in 1862 executed the deed under which defendants claim. The clerk of the Probate Court of Panola County, Mississippi, had omitted to state in his certificate to Mrs. Vaughn's (then Mrs. Wells) privy examination, that he was "personally acquainted with her," and that she admitted that she had "understandingly" executed the deed. In these particulars J. N. McLeod, the clerk, who took the examination in 1872, amended his certificate by making oath before the chancery court, in open court, to the truth of such correction.

On these facts the circuit judge held that the deed could not be given in evidence, and the verdict was for the plaintiff. That judgment was reversed by the "special commission," because in their opinion the circuit judge erred in excluding the deed from the jury.

Upon another trial in the circuit court, after it was reversed and remanded for a new trial, the deed with its corrected certificate—these corrections having been made before the institution of this suit—was admitted in evidence, and a verdict was rendered in favor of defendants, from which plaintiff has appealed.

The error complained of is that the deed was improperly admitted as evidence before the jury—or,

rather, that the court erred in refusing to allow Mrs. Vaughn to testify that the certificate of the clerk as amended was untrue, and that she did not state in her privy examination that she had understandingly executed the deed. It was not proposed to prove that any fraud was perpetrated, and we think it would be a dangerous precedent to allow a party to a suit in ejectment, upon the trial of the cause, to testify to the falsity of the clerk's certificate of the privy examination. The evidence was properly rejected.

It is very clear that the cause when heard and determined by the "special commission," was reversed because the deed was rejected by the circuit court, and that the sole questions upon which the cause now depends, are, the alleged error in excluding Mrs. Vaughn's testimony, and the admissibility of that deed, or the propriety of rejecting evidence of it.

It is conceded that if the corrections in the certificate were properly made, the deed as corrected conveyed all the rights of the plaintiff to the premises for which she sues. The precise question before, and decided against the plaintiff by the special commission, is again raised and pressed before this court.

We think that the construction placed upon section 2082 of the Code, which confers the power to correct mistakes or omissions in the clerk's certificate of a privy examination is correct, and that the reasonings and conclusions of Judge McKisick, who delivered the opinion of the special commission, are sound and well supported by the authorities cited. Nor was there any error in the circuit judge's refusal to allow Mrs.

Vaughn to testify in contradiction of the recital of the clerk's certificate of the privy examination. We need not repeat the one nor recite the other, as the opinion referred to is on file with the record in the cause.

The judgment is affirmed.